UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DEREK KIRK, | Case No. 3:15-cv-00067-MMD-WGC |
| Plaintiff, | ORDER |
| v. | |
| EUGENE MURGUIA, | |
| Defendant. | |

## I. DISCUSSION

On July 6, 2015, this Court issued a screening order dismissing Plaintiff's complaint in its entirety, with prejudice, for failure to state a claim. (Dkt. no. 7 at 6.) This Court found that Plaintiff failed to allege claims for violations of his Fourteenth Amendment due process rights. (*Id.* at 5.) Specifically, the Court found that Plaintiff failed to sufficiently allege a deprivation of a constitutionally protected liberty interest but noted that, even if Plaintiff had been deprived of a constitutionally protected liberty interest, he failed to allege sufficient facts establishing he was deprived of due process. (*Id.* at 6.) The Court's order explained how Plaintiff's allegations established that "some evidence" supported the prison disciplinary board's decision and, thus, satisfied due process. (*Id.*)

On July 24, 2015, Plaintiff filed a motion for reconsideration. (Dkt. no. 10 at 1.) In the motion, Plaintiff explains why he was deprived of a liberty interest. (*Id.* at 2-4.) Plaintiff also reiterates his arguments as to why Defendant violated his due process

rights. (*Id.* at 4-6.) Plaintiff requests that the Court vacate its final judgment and grant him leave to amend. (*Id.* at 6.)

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

The Court denies Plaintiff's motion for reconsideration. As discussed in the screening order, even if Plaintiff had sufficiently alleged a liberty interest, the Court would still have dismissed the complaint for failure to sufficiently allege due process violations. Thus, even if Plaintiff were to amend to include a liberty interest, the Court would still dismiss the complaint. Additionally, Plaintiff's motion re-litigates the same due process arguments he made in his original complaint. As such, the Court denies Plaintiff's motion for reconsideration.

## II.    CONCLUSION

For the foregoing reasons, it is ordered that the motion for reconsideration (dkt. no. 10) is denied.

DATED THIS 16th day of October 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

2